506 So.2d 234 (1987)
E.W. HOLLOWAY, et al., Plaintiff-Appellee-Appellant,
v.
CITY OF ALEXANDRIA, Defendant-Appellant-Appellee.
No. 85-456.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1987.
*235 William E. Skye, Alexandria, La., for plaintiff-appellee-appellant.
Charles F. Nunnally, III, Alexandria, La. of Garrett, Ryland and Nunnally, for defendant-appellant-appellee.
Before GUIDRY, PICKETT and TUCK[1], JJ.
ROY B. TUCK, Judge Pro Tem.
This suit is a class action by E. W. Holloway and others individually and as the alleged representatives of all parties who were water utility customers of the City of Alexandria during the period from February 1, 1980 until October 25, 1983. The plaintiffs seek to recover from the City alleged overcharges for sewer service furnished by the City during the aforementioned period of time.
Section 27.5-5 of the Code of Ordinances of the City of Alexandria, until its amendment effective October 25, 1983, provided for billing recipients of sewer service upon the basis of $0.73 per 1,000 gallons of water actually used or $0.73 per 1,000 gallons of the average of the water used during the months of December, January and February, whichever was less. The plaintiffs contend that Section 27.5-5, prior to its amendment, required the City to compute a three-month average for each residential and commercial customer and to bill the customer upon the basis of that three-month average or his actual consumption for the month, whichever was less.
In response to interrogatories propounded by plaintiffs the City of Alexandria responded that, during the period from February 1, 1980 until October 25, 1983, the City had billed each customer upon the basis of that customer's actual monthly consumption. The City further responded that it had computed a three-month average by dividing the total water consumption of the entire system for the pertinent period by the number of customers of the system, which always yielded a figure greater than the actual consumption of the individual customers.
On October 10, 1984 the trial court, for written reasons, granted the plaintiffs' motion for partial summary judgment limited to the issue of liability. After a motion for new trial was denied, the City of Alexandria applied for and was granted a suspensive appeal from the judgment of October 10, 1984. Subsequent to the judgment *236 granting the motion for partial summary judgment, the plaintiffs propounded additional interrogatories to be answered by the Director of Utilities of the City of Alexandria requesting a list of the names and addresses of each customer of the sewerage system during the period from February 1, 1980 to October 25, 1983 and seeking, as to each customer, the following information:
(a) Whether the customer was charged residential and/or commercial rates, or industrial rates;
(b) The actual water consumption in thousands of gallons for each customer for each month;
(c) The average monthly water usage for each customer in thousands of gallons for the months of December, 1979, January and February, 1980; December, 1980, January and February, 1981; December, 1981, January and February, 1982; and December, 1982 and January and February, 1983;
(d) The actual city sewer service charge which was charged each customer for each month;
(e) The difference between the actual charge imposed on each customer for each month and what the charge would have been had you based it on each customer's average or the actual month's consumption, whichever was less.
The defendant, City of Alexandria, objected to the interrogatories and sought protective orders. The plaintiffs filed a motion to compel which was tried. On trial of the motion to compel the City offered evidence to establish that the information sought was contained in microfilm or hard copy records and offered to make the records available to plaintiff's counsel for inspection and copying. The City likewise offered testimony to establish that retrieving the information and making the calculations asked for by plaintiffs would involve tremendous time and expense. The trial court held that, in view of the City's offer to make the records available, responding to the interrogatory as requested by plaintiffs would constitute an undue burden and denied the motion to compel discovery.
The plaintiffs also filed a motion to dismiss the appeal taken by the City on the grounds that there was no official action by the City Council authorizing the appeal and upon the further ground that the City of Alexandria failed to pay the estimated costs of the appeal pursuant to La.C.C.P. Article 2126. The motion to dismiss the appeal was denied.
The plaintiffs applied for and were granted an order of devolutive appeal from the judgment of the trial court denying the motion to compel discovery and the judgment of the trial court denying the motion to dismiss the City's appeal.[2]
Neither party has presented any objection in this court to the action of the trial court in granting the motion for partial summary judgment. Consequently, the only issues remaining for our consideration are:
1. Did the trial court err in denying the motion to compel discovery?
2. Did the trial court err in denying the motion to dismiss the suspensive appeal?

MOTION TO COMPEL DISCOVERY
The trial court is vested with reasonable discretion in regulating discovery procedures. Such discretion includes the power to limit or refuse discovery matters which place too onerous a burden on a party. Lord v. Metropoliton Life Insurance Company, 434 So.2d 1179 (La.App. 1st Cir.1983); Michigan-Wisconsin Pipe Line Co. v. Sugarland Development Corporation, 221 So.2d 593 (La.App. 3rd Cir. 1969). Upon motion by a party from whom discovery is sought, the trial court may enter an order denying the discovery, specifying the time, place, terms and conditions upon which the discovery may be had, limiting the scope of the discovery or directing *237 that the discovery be by a method other than that selected by the party seeking discovery. La.C.C.P. Article 1426.
In his reasons for judgment the trial judge expressly noted that the City of Alexandria had offered to make the records available to the plaintiffs. The trial judge further expressed the opinion that compliance with the interrogatory as propounded by the plaintiffs would impose an undue burden upon the City and indicated a willingness to issue whatever protective orders might be required in order to assist the parties in obtaining the necessary information. This is a permissible change in discovery methods. La.C.C.P. Article 1460; Chambers v. Ortho Pharmaceutical Corp., 383 So.2d 46 (La.App. 3rd Cir.1980).
In the absence of a showing of manifest error constituting a clear abuse of discretion, the judgment of the trial court in discovery matters should not be disturbed on review. Franklin v. Harvill, 406 So.2d 696 (La.App. 2nd Cir.1981); Vallery v. Olin Corp., 337 So.2d 631 (La.App. 3rd Cir.1976).
There is nothing to indicate that the burden of obtaining the information sought from the records is not substantially the same for the plaintiffs and the City. We find no manifest abuse of discretion in the action of the trial court.

MOTION TO DISMISS APPEAL
Counsel for the plaintiffs contended both in this court and the court below that the suspensive appeal taken by the City of Alexandria should be dismissed because the City had taken no official action authorizing counsel for the City to appeal. He bases his argument on Resolution No. 2422 1983 adopted by the Alexandria City Council on February 15, 1983.
Resolution No. 24221983 provides in pertinent part:
. . . . .

1.
Except as hereinafter set forth no official or employee of this City, including the Mayor and City Attorneys, shall institute any litigation in the name of the City without having first carried out procedures hereinafter set forth.

2.
No suit shall be filed or carried on in any court of law, or any litigation instituted by any person in the name of this City unless the official or party to said suit shall have first communicated their intentions to the Mayor in writing, with the reasons why it would be to the City's best interest to institute said litigation.

3.
The Mayor, if he should initiate the proceedingshallcarry outinvestigationto determine whether the institution of such suit should be undertaken

4.
If the Mayor and/or the City Attorney should decide that it is in the interest of the City to institute litigation he shall give a complete written report to the City Counciland set forththe reasons why the Mayor believes that the suit should be filed
. . . . .

6.
If the filing of the suit is approved by the majority of the Council, the Mayor shall then instruct the City Attorney to proceed
. . . . .

9.
If the necessity for filing suit constitutes an emergencysuit may be institutedas an exception to this policy

10.
The Councilshall make any investigationit may deem necessarybefore giving final assent and approval to the filing of any suit.
. . . . .

12.
It is declared further thatthe policy in question isset forth with respect to *238 any suit instituted in the name of the City of Alexandria as a political entity
The resolution makes no reference to the defense of lawsuits brought by others against the City of Alexandria. It is clear from the terms of the resolution that it was intended to vest in the City Council a measure of control over litigation initiated by the City of Alexandria. The resolution does not prohibit the City Attorney from taking an appeal from an adverse judgment rendered against the City in litigation commenced by another party.
In State, Sabine River Authority v. Lucius, 335 So.2d 95 (La.App. 3rd Cir.1976) this court said:
"The law is settled that a corporation may sue in its own name, without the designation of any officer thereof, and in such cases it appears through its attorneys whose authority is presumed. Community Chest v. Union Mission Association, 30 So.2d 131 (La.App. 2d Cir. 1947).
When an attorney at law appears in court to represent a litigant, there is a presumption that he is authorized to do so. Even the litigant whom the attorney claims to represent is affected by the presumption of authority, to the extent that strong proof of want of authority must be produced. Plaquemines Parish School Board v. Davis, 32 So.2d 391 (La.App.Orl.1947)".
There is a strong presumption that the City Attorney who represents the defendant in this suit was authorized to do so. The City of Alexandria does not question that authority. The Mayor and City Council have not taken steps to have the appeal dismissed. The City has acquiesced in the appeal and by doing so must be held to have authorized it.
Plaintiffs contend secondly that the appeal of the City of Alexandria should be dismissed because of the failure of the City, as appellant, to pay the estimated costs of the appeal in accordance with the provisions of La.C.C.P. Article 2126. The position of the plaintiffs is not well-founded.
It is true that in suits against the state, a department, board, commission, agency or political subdivision thereof, costs may be awarded in favor of the successful party and against the state, department, board, commission, agency or political subdivision. La.R.S. 13:5112A; Plaquemines Parish Commission Council v. Delta Development Company, Inc., et al, 472 So.2d 560 (La.1985); Segura v. Louisiana Architects Selection Board, et al, 362 So.2d 498 (La.1978). If such costs are awarded they shall be expressed "in a dollar amount in a judgment of the trial court or decree of the appellate court." La.R.S. 13:5112A.
La.R.S. 13:5112B provides:
"B. In accordance with Section 10 of Article XII of the Constitution, neither the state nor any department, board, commission, agency or political subdivision thereof shall be required to pay court costs, until the judgment rendered against the state, department, board, commission, agency or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise nonappealable or nonrenewable beyond the delays set by law for same and the funds have been appropriated therefor in specific dollar amount."
The contention of plaintiffs is without merit.
For the reasons set forth hereinabove the judgments of the trial court are affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Judge John S. Pickett, Jr. of the 11th Judicial District Court and Judge Roy B. Tuck, Jr. of the 30th Judicial District Court participated in this decision as Judges Pro Tempore of the Third Circuit Court of Appeal.
[2] There being no showing that these interlocutory judgments may cause irreparable harm, this appeal is considered only pursuant to the rationale of Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied 362 So.2d 800.