United States Court of Appeals,

Fifth Circuit.

No. 94-60755

Summary Calendar.

Reid CORLEY, Plaintiff-Appellant,

v.

BURGER KING CORPORATION, Defendant-Appellee.

Jerry SMITH, Plaintiff-Appellant,

v.

BURGER KING CORPORATION, Defendant-Appellee.

July 6, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Jerry Smith and Reid Corley filed suit against the Burger King Corporation, alleging that while John LeBlanc, manager of the Bay St. Louis Burger King, was acting within the course and scope of his employment, he was involved in a car wreck with Smith and Corley. The district court found that Smith and Corley could not rely on hearsay to establish that LeBlanc was acting within the course and scope of his employment at the time of the accident. Finding no other evidence suggesting that LeBlanc's actions could be imputed to Burger King, the court granted Burger King's motion for summary judgment. Smith and Corley filed this appeal, and we reverse.

I.

1

In July 1991, Smith and Corley were traveling on U.S. Highway 90 in Hancock County, Mississippi. Their car was stopped at a red light when it was struck from behind by a car driven by John LeBlanc. Both Smith and Corley testified by affidavit that LeBlanc "stated that he had been at home watching a golf game on television when he got a call that the store he managed needed some $CO_2$ for their drink machine. He had gotten it and was headed to the store when the wreck happened." LeBlanc also told Smith and Corley that he had looked away from the road in order to look at a McDonald's that was on fire. When he looked back, it was too late.

## II.

In order to impute LeBlanc's actions to Burger King, Smith and Corley must show that at the time of the accident, LeBlanc was acting within the scope of his employment. *See Odier v. Sumrall,* 353 So.2d 1370, 1372 (Miss.1978). The district court held that "out of court statements made to third parties by employees cannot be used to establish agency under Mississippi law." We find that LeBlanc's statement is not hearsay and, accordingly, is admissible to defeat Burger King's motion for summary judgment.

"A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed.R.Evid. 801(d)(2)(D). Smith and Corley's testimony regarding LeBlanc's statements at the scene of the accident fall squarely within Rule 801(d)(2)(D). It is undisputed that at the time of the

2

accident LeBlanc was the manager of the Bay St. Louis Burger King. *Cf. Blanchard v. Peoples Bank,* 844 F.2d 264, 265, 267 n. 7 (5th Cir.1988) (attorney's affidavit containing statement by former bank employee was inadmissible because employee was not working at the bank at the time of her conversation with the attorney). LeBlanc's alleged statement that he was delivering $CO_2$ to the restaurant concerned "a matter within the scope of the agency or employment." *See Nekolny v. Painter,* 653 F.2d 1164, 1171 (7th Cir.1981) ("After the fact of the agency is established, Rule 801(d)(2)(D) requires only that the statement "concern a matter within the scope of the agency or employment.' "), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982).

## III.

For the foregoing reasons, the decision of the district court is REVERSED and the case is REMANDED for further proceedings.