Johnnie **JENKINS**, Jr., et ux.

v.

**WAL–MART STORES, INC.**, et al.

Civil Action No. 96–2220.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Feb. 27, 1997.

---

Payton R. Covington, Lake Charles, LA, for plaintiff.

John G. Swift, Lafayette, LA, for defendant.

## MEMORANDUM ORDER

WILSON, United States Magistrate Judge.

The parties have asked the court to decide whether plaintiff's counsel may interview former and current employees of defendant, Wal–Mart Stores, Inc. ("Wal–Mart"), outside the presence of Wal–Mart's counsel. Both sides have briefed the issue, and we decide as follows.

■ Our discussion is governed by Rule 4.2 of the Rules of Professional Conduct of the Louisiana State Bar Association.[1] The dual purposes behind Rule 4.2 are to prevent disclosure of attorney/client communications, and to protect the party from "liability-creating" statements elicited by a skilled opposing attorney. *Polycast Technology Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 626 (S.D.N.Y. 1990) (addressing nearly identical Disciplinary Rule 7–104(A)(1) of the Code of Professional Responsibility). The concerns raised by Rule 4.2 are not equally applicable to former and current employees. While the inadvertent disclosure of privileged information through *ex parte* contact with an opposing attorney applies both to current and former employees, it is to a vastly different degree. *See, Polycast,* 129 F.R.D. at 626; *Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899, 904 (E.D.Pa.1991).[2] Yet, as to the second concern behind Rule 4.2 (the specter of elicited "liability-creating" statements), the hearsay exclusion generally applies only to current employees.

■ Federal Rule of Evidence 801(d)(2)(D) provides that "A statement is not hearsay if—[t]he statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." The exception to the hearsay rule in Federal Rule of Evidence 801(d)(2)(D) requires that the statement be made during the existence of the employment relationship. A statement issued by a former employee after the employment ceased, is inadmissible in court. *Blanchard v. Peoples Bank,* 844 F.2d 264, fn. 7 (5th Cir.1988). As to current employees, if the statement concerned a matter within the scope of employment, it would be deemed admissible. *Corley v. Burger King Corp.*, 56 F.3d 709, 710 (5th Cir.1995); *Davis v. Mobil Oil Exploration & Producing S.E.*, 864 F.2d 1171, 1174 (5th Cir.1989); and *Wil-*

---

1. In this district, the Rules of Professional Conduct of the Louisiana State Bar Association provide the rules of conduct for attorneys practicing before this court. U.L.L.R. 20.04W. Rule 4.2 of the Rules of Professional Conduct provides,

   In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. A lawyer shall not effect the prohibited communication through a third person, including the lawyer's client.

2. There always exists a concern that former employees may disclose privileged communications. However, this consideration can be mitigated with an appropriately tailored order proscribing any privilege-sensitive inquiries by opposing counsel. *Polycast, supra.* Conversely, current employees are generally far more likely to have taken part in, or been privy to privileged exchanges with the firm's counsel.

*kinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1564 (11th Cir.1991). Unlike current employees, the dual concerns behind Rule 4.2 are largely, if not entirely absent as to former employees; and the ban on *ex parte* contact should not be extended over them.

■ Moreover, the same distinction becomes apparent under the official comment to Rule 4.2 of the Model Rules of Professional Conduct—the source of Louisiana's rule. It provides in pertinent part,

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Comment to Rule 4.2 of the Model Rules of Professional Conduct

Of course, former employees do not currently have managerial responsibility with the organization; nor does a statement by a former employee constitute an admission attributable to the organization. *Action Air Freight,* 769 F.Supp. at 902–903; *Polycast,* 129 F.R.D. at 626; Fed.R.Evid. 801(d)(2)(D). Similarly, former employees are no longer agents of the corporation, and their statements may not be imputed to the organization. *Action Air Freight,* 769 F.Supp. at 904. Accordingly, *ex parte* contact with former employees is not prohibited by Rule 4.2. The same cannot be said, however, for current employees who will often meet one or more of the qualifications enumerated in the comment.

The necessity for the distinction between former and current employees is manifest. In accordance with the foregoing, we find that:

Plaintiff's counsel may interview former employees of Wal–Mart, *ex parte,* provided he does not address areas which are subject to the attorney-client privilege. *See, In re Torch,* C.A. No. 94–2300, 1996 WL 185765 (E.D.La. 4/16/96). Moreover, under the circumstances of this case, plaintiff's counsel will not be permitted to effect *ex parte* contact with any current Wal–Mart employee.

IT IS SO ORDERED.