h COOKS, Judge.
Teddy Doucet claimed he injured his back while engaged in the course and scope of his employment with Crowley Manufacturing. Doucet filed a disputed claim for workers’ compensation benefits. Plaintiff was offered employment by Work Enterprises, Inc. (WE) which he refused to accept. In the answer to the claim for compensation, the employer alleged, in the event Doucet was suffering a disability, it was entitled to a credit and/or offset for all wages Doucet was capable of earning. Doucet alleged the employment provided by WE was “sham” employment. WE receives fees from employers, and in turn provides “employment” to injured workers, such as Doucet, which consists of packaging or wrapping individual containers of bath salts, bird seed cups and the like.
To expose WE’s alleged “sham” employment, counsel for Doucet requested certain records from WE to show the company’s profits were derived not through the sale of products but from payments made by the insurers/employers. Doucet’s *877 counsel intended to use this evidence to establish that the “employment” offered by WE was not genuine employment as required by the Workers’ Compensation Act. Doucet took several depositions and acquired certain documents from WE. During the pendency of the case, WE (who was a nonparty in the matter) and Crowley filed a Motion for Protective Order, asserting the information sought by Doucet’s counsel was not discoverable and in the alternative that its use and disclosure should be restricted. The workers’ compensation judge (WCJ) ordered production of ah requested information to the court for an in camera inspection, to determine what information was discoverable and entitled to protection. After the in camera inspection the WCJ issued the following order:
|i>[T]he information provided the court for in camera inspection is hereby released to counsel for the employee, Teddy Doucet, solely for the purpose of taking a deposition of Jack Arceneaux and/or Stanford McNabb in their capacity as representatives of Work Enterprises, Inc.
It is further ordered and decreed that the information hereby released shall be kept confidential by claimant’s counsel, and shall not be released or disclosed to any other person or entity, nor shall said information be used at this time for further discovery by plaintiff by way of contacting other employees of Work Enterprises, Inc. or customers of Work Enterprises, Inc. without further order of this court, and any failure to abide by the protection granted herein may subject the violating party to sanctions, including referral for contempt proceedings.
A settlement was eventually reached between Doucet and Crowley Manufacturing. After the settlement was reached and approved, WE filed a Motion to Modify the Protective Order. At a hearing on the motion, counsel for WE requested “all the depositions with the attachments back” along with the “documents that were produced pursuant to the subpoena duces te-cum.” Counsel for Doucet countered that all that should be “protected is those items that would be trade secrets or information that we should not be able to give to someone else.”
At the conclusion of the hearing, the workers compensation judge ordered “a return of all financial confidential documents, whether attached to deposition or otherwise. And I am willing to place under seal or — or enter a more specific order protecting particular pages, lines, what have you in the depositions. But I will need to be provided — the information to draft my order.” The WCJ stated that counsel for Doucet had one week after the submission by WE of the portions it desired protected or returned to file a response. Counsel for WE sent a proposed judgment to the WCJ and Doucet’s attorney listing the portions of the depositions which it wanted placed under seal and the documents it wanted returned. No objection to this judgment was ever made by counsel for Doucet.
|SA judgment was eventually signed by the WCJ, requiring the return to WE of “[A]ll documents attached as Exhibit 1 to the deposition of Stanford H. McNabb taken on August 23, 2001.” The judgment also ordered that “those portions of the deposition of Jack Arceneaux described in paragraph 2 of Exhibit A and those portions of the deposition transcript of Stanford H. McNabb identified in paragraph 3 of Exhibit A attached hereto are hereby placed under seal of this Court subject to the right of any party to have the seal lifted upon a showing of good cause.”
*878 Doucet timely appealed the judgment, asserting the following assignments of error:
1. The WCJ erred in ordering that all documents attached to the deposition of Stanford McNabb be returned to WE.
2. It was error for the WCJ to place under seal those portions of the depositions of Stanford McNabb and Jack Ar-ceneaux requested by WE.
3. The WCJ erred in prohibiting the contact of employees of WE without the consent of WE or the .OWC.
ANALYSIS
The trial court has broad discretion in discovery matters. Laburre v. E. Jefferson Gen. Hosp., 555 So.2d 1381 (La.1990); Holloway v. City of Alexandria, 506 So.2d 234 (La.App. 3 Cir.1987). La. Code Civ.P. art. 1426 allows the trial court authority to issue a protective order, for good cause, limiting the scope of discovery. Such a protective order may be fashioned to preserve the confidentiality of the information disclosed. The granting or not of a protective order and the extent of protection extended are within the sound discretion of the trial court. Boyd v. St. Paul Fire & Marine Ins. Co., 99-1820 (La.App. 3 Cir. 12/20/00), 775 So.2d 649. An appellate court will not modify or reverse the trial court in such matters absent a ^showing of abuse of discretion. Id.; Cerre v. Cerre, 96-2328 (La.App. 4 Cir. 1/15/97), 687 So.2d 601.
The WCJ’s order placing portions of the depositions under seal reserved the right to any party, upon a showing of good cause, to lift the seal. We further note, the WCJ provided counsel for Doucet the opportunity to object to the judgment placing the portions of deposition under seal. The following colloquy took place between counsel and the WCJ:
JUDGE MORROW:
I will order a return of all financial confidential documents, whether attached to deposition or otherwise. And I am willing to place under seal or — or enter a more specific order protecting particular pages, lines, what have you in the depositions. But I will need to be provided—
MR. HANNA [Counsel for WE]:
That’s fine. That’s fine.
JUDGE MORROW:
—the information how to draft my order.
MR. HANNA:
Sure.
JUDGE MORROW:
I don’t have the depositions—
MR. HANNA:
That’s fine. I’ll do that, Judge. I don’t have a problem with that.
JUDGE MORROW:
Okay. Then why don’t you send me what you think is subject—
MR. HANNA:
Okay.
JUDGE MORROW:
—to further protection, copy Mr. Miller [counsel for Doucet] on that. And, Mr. Miller, get me a response to that within five days. Let me go ahead. Mr. Hanna, how long do you need to read through and | smake those identifications?
MR. HANNA:
Why don’t you — Why don’t you give me ten days, Judge?
MR. MILLER:
Judge, on the — financial confidential documents, I know the financial reports of the company, the balance sheet, I know that goes in there. Is there anything else that they want, other than that?
*879 JUDGE MORROW:
That’s what Mr. Hanna is going to let me know on or before—
MR. HANNA:
Mike [Mr. Miller], there were some documents that are out in the public anyway. I don’t really have any need for those. I’ll get you a list.
JUDGE MORROW:
Yes. Some of the documents were turned over to me—
MR. HANNA:
Right.
JUDGE MORROW:
—without the necessity of a hearing. MR. HANNA:
Right.
JUDGE MORROW:
There were some that—
MR. MILLER:
I just want to know what to give him. I know we’re going to have to give him the financial documents. I just want to know what else, if there’s anything else he’s claiming. And, of course, if I don’t have an objection, I’m going to okay it. And if I do, then, we’ll be back. But like I said, I don’t — I don’t intend to try and make everything available. I just want to make sure that everything that should be available is available.
JUDGE MORROW:
Okay. Mr. Hanna, the 25th or 28th, Friday or Monday?
|fiMR. HANNA:
Give me until Monday.
JUDGE MORROW:
So, Mr. Hanna, get it to me by the 28th, with a copy to Mr. Miller. Mr. Miller, you can act on behalf of Mr. Townsley (co-counsel for Doucet), or does he need to copy him also?
MR. HANNA:
I’ll copy both of them.
JUDGE MORROW:
Okay.
MR. MILLER: .
He’s working now, but not eight hours a day yet.
JUDGE MORROW:
I feel so bad for him. And then, Mr. Miller, is a week sufficient for you to respond, or do you need — do you want the Monday or the Friday?
MR. MILLER:
Monday.
JUDGE MORROW:
Okay, then, the 4th for any objections. And if there is an objection, I will set that for hearing.
Doucet’s appellant brief does not cite any statutory or jurisprudential authority for its contention that the WCJ erred in issuing the protective orders and sealing the record. Instead, he contends the WCJ erred in placing certain portions of the depositions under seal because the information was not of such a nature as to require protection. This argument, now made before this court for the first time, could have been raised before the WCJ, who gave counsel full opportunity to object to the portions of the deposition sought to be placed under seal by WE. However, counsel for Doucet did not avail itself of that opportunity and instead acquiesced to the proposed judgment by WE. The objection comes too late on appeal.
7 Lastly, it is asserted the WCJ erred in prohibiting any contact of WE employees without the consent of WE or the OWC. We agree. There is no legal basis for the WCJ issuing a protective order prohibiting counsel from speaking to employees of WE. If such an order were allowed to stand, counsel for Doucet could be held in contempt of court for investigat *880 ing another claim that is wholly unconnected with Doucet’s claim. Therefore, the portion of the judgment prohibiting any contact with employees of WE without a court order or permission of WE is reversed.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ Compensation prohibiting any contact of WE employees without the consent of WE or the OWC is reversed. The judgment is affirmed in all other respects. Costs of this appeal are assessed equally to the parties.
AFFIRMED IN PART; REVERSED IN PART.