434 So.2d 1179 (1983)
Joy H. Myers LORD
v.
METROPOLITAN LIFE INSURANCE COMPANY.
No. 82 CA 0942.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1180 T. Michael Landrum, Baton Rouge, for plaintiff-appellant Joy H. Myers Lord.
W. Luther Wilson, Baton Rouge, for defendant-appellee Metropolitan Life Ins. Co.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This is a suit by plaintiff, Joy H. Myers Lord, claiming to be the widow of James T. Myers, Jr. and therefore entitled to the proceeds of a group life insurance policy issued by defendant, Metropolitan Life Insurance Company (Metropolitan), upon the life of her allegedly deceased husband. Defendant filed the peremptory exception of prescription. From a judgment sustaining the exception of prescription and dismissing plaintiff's suit, plaintiff has appealed.

FACTS
Plaintiff's petition, filed April 23, 1980, alleges that on February 24, 1969, James T. Myers, her husband, disappeared under mysterious circumstances. At that time he *1181 was a domiciliary of Louisiana even though he was working for Dow Chemical Company (Dow) in Titusville, Florida. Plaintiff was a beneficiary of a group life insurance policy issued by Metropolitan insuring the lives of Dow's employees.
The petition further alleges that on July 29, 1969, plaintiff wrote to Metropolitan and inquired about filing any appropriate claims. Later, on April 11, June 7, and July 6, of 1979, plaintiff claims she again wrote Metropolitan, asking for copies of the policies then in effect and appropriate claim forms.
Concurrent with the filing of suit, and pursuant to La.Code Civ.P. art. 1461, plaintiff requested that Metropolitan produce certified copies of all life insurance policies issued by it and insuring the life of James T. Myers, Jr. Subsequently on February 4, 1982, plaintiff filed a motion to compel discovery of the requested document.
Defendant filed a peremptory exception asserting the liberative prescription of ten years found under La.Civ.Code art. 3544. Trial of plaintiff's motion was held with the trial court granting her request and ordering production. A few weeks later trial on defendant's exception was held. The court sustained the plea of prescription, dismissed plaintiff's suit, and rescinded the order compelling production of requested documents.

SPECIFICATIONS OF ERROR
The plaintiff-appellant claims the trial court erred in: 1) recalling the order to compel discovery; 2) dismissing the case under Louisiana law because it was never determined which state's law should apply; 3) ruling that her suit had prescribed.

I
Plaintiff-appellant claims that Metropolitan did not deliver the insuring agreement between itself and James T. Myers, Jr., that all she received was a "group insurance certificate," a "summary of provisions of the group policy principally effecting (sic) the employee," and 253 pages of amendments to the insuring agreement, and that the trial court was under the delusion that plaintiff's counsel wanted only certified copies of the documents offered by defendant at trial, when what plaintiff desired was a copy of the agreement itself.
The trial court found that defendant had substantially complied with the request for production, that defendant had produced everything in its files pertaining to the insuring of Myers' life, and that to order defendant to produce "certified" copies would serve no useful purpose.
The trial court is vested with reasonable discretion in regulating discovery procedures. This includes the power to limit or refuse discovery matters which place a too onerous burden on a party. See Michigan Wisconsin Pipe Line Co. v. Sugarland Development Corporation, 221 So.2d 593 (La. App. 3rd Cir.1969).
The trial court did not relieve defendant of producing a hard-to-find document, but instead found that defendant's assertion that all documents relating to the life insurance policy were in court was in good faith and true. Considering the length of time from Myers' disappearance and plaintiff's claim now (eleven years), the trial court was reasonable in its determination that defendant had done all it could to comply with the discovery order. Moreover, "Group Policy No. 11700-G," contained in the record, appears to be the insuring agreement in effect at the time of Myers' employment.

II
Plaintiff-appellant's second claim is that the trial judge erred in applying Louisiana law in deciding this matter. The theory of this argument is that without a copy of the insuring agreement it is impossible to tell which state's law should apply to this situation. However, plaintiff has failed to point out how either Florida law (the place of disappearance) or New York law (the domicile of Metropolitan) would change the result. We find no merit with the assignment of error.

*1182 III
Plaintiff-appellant asserts finally that if Louisiana law does apply here the trial court construed it erroneously. On July 8, 1969, plaintiff wrote Dow a letter requesting the name of the company which insured her husband and the number, amount and date of termination of the policy. On July 22, 1969, Dow wrote back to plaintiff, furnishing her an enrollment card signed by Myers which specified her as beneficiary. The letter further informed plaintiff that her husband's last day of work was February 24, 1969, but that Dow continued to carry him on active employment status until March 28, 1969. Coverage under the group policy (a copy of which was then furnished to plaintiff) was extended 31 days after termination, that is until April 28, 1969, as per the provisions of the policy.
The trial court found that plaintiff's rights as beneficiary, if any, were fixed and determined as of April 28, 1969, the date upon which coverage terminated. If her husband did die during the coverage period, plaintiff had to bring an action within ten years of April 28, 1969, in which she could have proved his death. Her cause of action had thus prescribed as of the filing date of her suit on April 23, 1980.
Plaintiff-appellant argues that assuming La.Civ.Code art. 3544 and its ten year prescription does apply to this personal action, her cause of action did not manifest itself with sufficient certainty to be susceptible of proof in a court of law until ten years after his disappearance, on February 23, 1979. For this proposition she relies on La.Civ.Code art. 70, which reads:
"If the absence has lasted ten years a presumption of death shall follow and the known heirs of the absentee may petition the court and cause themselves to be put in absolute possession of the property and estate of the absentee by the judge, and thereafter deal with such property as the absolute and unconditional owners."
This article obviously is concerned with the rights of heirs, and not with coverage under life insurance policies. Plaintiff argues that article 70 should be applied by analogy to beneficiaries of those policies.
Plaintiff-appellant overlooks the long-standing principle that life insurance is sui generis in Louisiana, and as such is not ordinarily governed by the Civil Code. Furthermore, when the insured names a beneficiary, the proceeds form no part of the decedant's estate. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975). See also La.Civ.Code art. 1505. We therefore reject plaintiff-appellant's argument and conclude that La.Civ.Code art. 70 does not apply to this situation. We agree with the trial court that article 3544 does apply. We are supported in this belief by prior cases holding that actions on life insurance policies prescribe in ten years. Ayres v. New York Life Insurance Co., 219 La. 945, 54 So.2d 409 (1952); Wilmer v. Most Worshipful St. John's Grand Lodge, A.F. and A.M. for State of Louisiana, 142 So. 858 (La.App. Orl Cir. 1932). Plaintiff-appellant states no reason why prescription should have been suspended.
In written reasons the trial judge held:
"Plaintiff's rights, if any, as beneficiary were fixed and determined as of April 28, 1969, the date upon which coverage terminated. If decedent did in fact die during the coverage period it was incumbent upon plaintiff to bring an action within ten years of April 28, 1969. Had plaintiff brought such an action it would, of course, have been encumbent upon her to establish the death of the insured within the policy coverage period."
We agree.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.