# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-712**

**DALTON JOHN MEAUX**

**VERSUS**

**ELIZABETH MILLER HENSGENS MILLER, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 87119-C
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

George R. Wentz, Jr.
Baldwin, Haspel, Burke & Mayer, L.L.C.
1100 Poydras Street
20th and 22nd Floors
New Orleans, LA   70163-2000
(504) 569-2900
COUNSEL FOR DEFENDANTS/APPELLEES:
    Noble Royalties, Inc.
    The Noble Grantees

Michael R. Mangham
Mangham & Associates, L.L.C.
406 Audubon Boulevard, Suite A
Lafayette, LA   70503
(337) 233-6200
COUNSEL FOR DEFENDANTS/APPELLEES:
    Elizabeth Miller Hensgens Miller
    Charles Nicholas Hensgens, III
    Craig Robert Hensgens
    Mary Elizabeth Hensgens Hetzel
    Catherine Elaine Hensgens Cramer
    Brian Keith Hensgens
    Karl Jude Hensgens

**F. John Reeks, Jr.**
**Lemle & Kelleher, L.L.P.**
**401 Edwards Street**
**10th Floor, Louisiana Tower**
**Shreveport, LA 71101**
**(318) 227-1131**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Eagle Rock Production, L.P.**

**Matthew D. Lane, Jr.**
**Gordon, Arata, McCollam,**
**Duplantis & Eagan, L.L.P.**
**Post Office Box 81829**
**Lafayette, LA 70598-1829**
**(337) 237-0132**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Dalton John Meaux**

AMY, Judge.

The plaintiff filed a possessory action, asserting that he acquired disputed property by acquisitive prescription in the 1940s. He named the parties to mineral leases allegedly affecting the tract as defendants. One group of defendants filed an exception of prescription, asserting an ownership interest in a unit well located in a drilling and production unit which includes the disputed tract. These defendants contended that production began from the well in February 2006, disturbing the plaintiff's possession. They further contended that the plaintiff did not file the possessory action until after the matter had prescribed. The trial court granted the exception of prescription. The plaintiff appeals. For the following reasons, we reverse and remand for further proceedings.

**Factual and Procedural Background**

The plaintiff, Dalton John Meaux, alleges that his family has been farming the property at issue since 1912 and acquired the entirety of the disputed tract, both surface and minerals, by acquisitive prescription by the 1940s. He filed the present possessory action in June 2007 and named as defendants, the parties to leases and other instruments affecting the tract. He argued that the recorded instruments disturbed his peaceful possession of the tract.

Noble Royalties, Inc. and a group of other defendants, the Noble Grantees, filed an exception of prescription, asserting that they held an ownership interest in a unit well, which is part of the drilling and production unit of which the disputed tract is a part. The well, however, is not located on the disputed tract. Noble argued that production began from the well in February 2006, disturbing the plaintiff's possession. As the plaintiff did not file the possessory action until June 2007, more

than a year after the production from the well, Noble asserted that the matter was prescribed. The trial court granted the exception of prescription.

Mr. Meaux appeals, assigning the following as error:

1.    The Trial Court committed manifest error in granting Noble's Peremptory Exception of Prescription.

2.    The Trial Court's finding that Meaux was an adverse possessor of the Disputed Tract was manifestly erroneous.

3.    The Trial Court's reliance on facts alleged by Noble but not proven at trial by competent legal evidence was manifestly erroneous.

4.    The Trial Court's finding that production of oil from Commissioner's Unit MT RA SUE commenced on February 23, 2006 was manifestly erroneous.

5.    The Trial Court's conclusion that production of oil from Commissioner's Unit MT RA SUE was a disturbance in fact of Meaux's possession of the Disputed Tract was manifestly erroneous.

**Discussion**

This case is resolved by reference to the plaintiff's first assignment of error, which questions the adequacy of the evidence submitted by Noble in support of its exception of prescription.

Louisiana Code of Civil Procedure Article 3655 describes a possessory action, as "one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted." In order to prevail on a possessory action, a possessor must establish that:

    (1)    He had possession of the immovable property or real right therein at the time the disturbance occurred;

2

(2)    He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;

(3)    The disturbance was one in fact or in law, as defined in Article 3659; and

(4)    *The possessory action was instituted within a year of the disturbance.*

La.Code Civ.P. art. 3658 (emphasis added).  As this case involves the possession of mineral rights, Mineral Code Article 156 is also relevant.  It provides:

> Possession of mineral rights under Article 154[1] or 155[2] is lost by adverse use or exercise of them according to their nature.  Loss of possession occurs although the production and or operations constituting the adverse use or exercise are not on the land being possessed.  It is sufficient that the production or operations constituting the adverse use or exercise are not on the land being possessed.  It is sufficient that the production or operations constitute a use of the mineral rights according to the title of the owner thereof.  In the case of a mineral lease, the use or exercise must be such that it would interrupt the liberative prescription of nonuse if the lessee had been the owner of a mineral servitude.

La.R.S. 31:156.  Noble alleges that production from the well in which it holds an interest constituted an adverse use or disturbance under the terms of La.R.S. 31:156 and that, since the possessory action was not brought until more than one year after that disturbance, the action is prescribed under La.Code Civ.P. art. 3658.  Each party

---

[1] Louisiana Revised Statutes 31:154 provides:

**§ 154. Possession under title as including mineral rights**

One who establishes corporeal possession of land as owner under an act translative of title is in possession of the rights in minerals inherent in perfect ownership of land except to the extent mineral rights are reserved in the act or the act is expressly made subject to outstanding mineral rights.  This Article does not apply to a mineral lessee of the possessor or any of his ancestors.

[2] Louisiana Revised Statutes 31:155 provides:

**§ 155. Possession without title as including mineral rights**

A possessor of land as owner without title possesses the mineral rights inherent in perfect ownership of land.

3

points to jurisprudence in support its interpretation of the articles as they relate to the articles. *See, e.g., Dixon v. Am. Lib. Oil Co.*, 77 So.2d 533 (La.1955); *Graham v. McRae Exploration, Inc.*, 493 So.2d 705 (La.App. 2 Cir. 1986).

Essential to Noble's burden of proving its exception, however, is its assertion that the prescriptive period commenced with production from the subject well in February 2006. Noble attempted to demonstrate this production date by way of exhibits filed into the physical suit record on the same date that the exception and supporting memorandum were filed. As urged by the plaintiff in its brief to this court and as also pointed out at the hearing below, these exhibits were not formally introduced into evidence at the trial on the exception.

The Louisiana Supreme Court recently explained that, absent formal introduction of exhibits at a hearing on an exception of prescription, those exhibits merely contained in the record or attached to a memorandum in support of an exception of prescription are not to be considered. *See Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84.

In pertinent part, La.Code Civ.P. art. 931 provides that: "On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Citing this provision, the supreme court stated:

> In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
>
> Evidence not properly and officially offered and introduced cannot be considered, *even if it is physically placed in the record*. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.

4

Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. . . . As this Court noted in *Cichirillo* [*v. Avondale Indus., Inc.*, 04-2894 (La. 11/29/05), 917 So.2d 424], "[f]ailure to adequately prepare the record by neglecting to offer matters into evidence can alter the outcome of a case, especially in an exception of prescription where the burden of proof may shift between the parties." *Cichirillo*, 917 So.2d at 428, n. 7.

*Denoux*, 983 So.2d at 88-89 (citations omitted)(emphasis added).

Although Noble physically filed exhibits as to the date of production into the record at the time it filed its exception and related memorandum, it did not "properly and officially" offer and introduce those exhibits into evidence. *Id.* In fact, the only exhibit introduced at trial was a plat offered by the plaintiff in opposition to the exception. Thus, as noted in *Denoux*, the trial court was obligated to decide the exception of prescription "on the facts alleged in the petition, which are accepted as true." Review of the petition in this case contains no date as to the date of production from the subject well. Accordingly, the determination that Noble prevailed on its exception of prescription was in error. We reverse the trial court's judgment granting the exception and remand for further proceedings. This resolution pretermits consideration of the plaintiff's remaining assignments of error.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for further proceedings. Costs of this proceeding are assessed to the appellees, Noble Royalties, Inc. and the Noble Grantees.

**REVERSED AND REMANDED.**

5