ROBERT A. CHAISSON, Judge.
| ¡¡This is an appeal by Keela Hawkins, et al., from a judgment sustaining the peremptory exceptions of no cause of action and peremption urged by the Parish of Jefferson,[1] and dismissing plaintiffs’ claims against the parish with prejudice. For the following reasons, we affirm the judgment insofar as it sustained the exception of no cause of action. That portion of the judgment sustaining the exception of peremption is thus rendered moot.
FACTS AND PROCEDURAL HISTORY
This suit arises out of the development of the Village Green subdivision, a gated community in Jefferson Parish. The allegations are that the land upon which |3the subdivision was built was not suitable for that purpose, and that many of the homes are being damaged due to settlement problems. Some 250 homeowners brought suit against the developer, various insurance companies, and several engineering and construction firms, as well as Jefferson Parish. The issues here concern only Jefferson Parish.
The plaintiffs’ allegations against the parish are that it negligently approved the development when it knew or should have known that the land was unsuitable for this purpose, and that its permitting and code enforcement employees were also negligent in approving plans for individual houses, particularly in regard to pilings and slab construction. The approval of the development occurred in 2000. The petition asserts that the developer employed an engineering firm to prepare the plans and specifications of the subdivision for submission to the parish for approval. It further alleges that these plans were negligently drawn up, especially in regard to the fitness of the soil for this purpose, and that the Parish Council and its zoning and code enforcement employees were negligent in approving these plans. It also alleges that the parish approved plans for slabs which included pilings that were too short and which contained insufficient reinforcing. It also asserts that the plans were deficient in regard to drainage and the building of streets and sidewalks, and that the parish was negligent in not perceiving these deficiencies when it approved the plans.
In response to this suit, the parish urged the peremptory exceptions of no cause of action and peremption, both of which were sustained by the trial judge. It is from the judgment sustaining these exceptions and dismissing with prejudice plaintiffs’ suit against the parish that this appeal has been taken.
LAW AND ANALYSIS
Plaintiffs’ first assignment is that the trial judge erred in implicitly |4concluding that the parish was immune from suit as per La. R.S. 9:2798.1. That statute provides:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
*902 B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
In conjunction with the above statute, La. R.S. 40:1730.23 C makes clear which actions constitute “discretionary acts” as follows:
C. In connection with the construction of any building, structure, or other improvement to immovable property, neither the performance of any enforcement procedure nor any provision of a building code shall constitute or be construed as a warranty or guarantee by a governmental enforcement agency as to durability or fitness, or as a warranty or guarantee by a governmental enforcement official or a third-party provider who contracts with a municipality or parish as provided for in R.S. 40:1730.24(A), that said building, structure, or other improvement to immovable property or any materials, equipment, or method or type of construction used therein is or will be free from defects, will perform in a particular manner, is fit for a particular purpose, or will last in any particular way. In the enforcement of any provision of a construction code provided for in |5this Part, or any regulations governed by R.S. 33:4771 et seq., the performance or non-performance of any procedure by a governmental enforcement agency, contract employee, or official shall be deemed to be a discretionary act and shall be subject to the provisions of R.S. 9:2798.1.
Further, La. R.S. 33:4772 states that:
The legislature hereby finds and declares that:
(1) The policy, purpose, and intent for the promulgation and adoption of a building code by a political subdivision is to promote the safety, health, morals, and general welfare of the community.
(2) The policy, purpose, and intent of the enforcement of a building code by an enforcement agency is the reasonable protection of the safety, health, morals, and general welfare of the public.
(3) Nothing contained in this Subpart or in any building code shall be construed as establishing or imposing upon a political subdivision a duty, special or otherwise, to or for the benefit of any individual person or group of persons.
Construing these statutes together, there is no question that the parish is immune from the present suit for any and all acts of alleged negligence in permitting the subdivision and approving of any individual home construction. To the extent that the petition asserts an action for negligence, the exception of no cause of action was properly sustained.
*903 Plaintiffs argue, however, that the exception in La. R.S. 9:2798.1 C(2) for fraudulent acts is applicable here, and therefore that the parish does not enjoy immunity from this suit. Pursuant to La. C.C.P. art. 856, fraud “shall be alleged with particularity.” Only once in the petition does the word “fraud” appear, and that is simply in conjunction with the assertion that res ipsa loquitur should apply to the case and thus shift the burden to the defendants to prove that they were not guilty of “negligence and/or fraud.” Plaintiffs’ argue nonetheless that some of the other allegations amount to an assertion of fraud. We have examined the petition carefully and find only four allegations which might suggest some impropriety in | ñthe permitting process. The first says that Willow, Inc. (the developer) obtained the subdivision permit “through inside political power,” the second, that parish authorities circumvented code requirements by “acting in a political fashion,” the third, that the specifications for the proposed subdivision were “politically walked through” the parish authorities, and the fourth, that the permits were issued in “a negligent political scenario.” Such vague and conclusory assertions do not rise to the level of particularity required by Article 856.
The issue of particularity was addressed in 831 Bartholomew Investments-A, L.L.C. v. Margulis, 2008-0559 (La.App. 4 Cir. 9/2/09), 20 So.3d 532. There, the defendant asserted that the plaintiffs’ managers had misrepresented or suppressed the truth relating to the lease in question, but did not allege specifically how this was done. The court ruled that the allegation was merely conclusory and thus did not meet the requirement of Article 856 that, when pleading fraud, the circumstances constituting fraud must be alleged with particularly. It held that in this circumstance the pleading failed to state a cause of action in fraud.
In the present case, the suggestions that somehow improper political influence was used in securing the approval of the subdivision are similarly conclusory and conjectural. No specific people are named and no particular activities are identified which might be said to constitute any improprieties of a political nature. We hold that plaintiffs have failed to allege fraud with sufficient particularity so as to bring their action within the fraud exception of La. R.S. 9:2798.1(0(2).
Plaintiffs also urge that even if the petition does not plead fraud with sufficient particularity, they should nonetheless have been given the opportunity to conduct discovery so as to possibly learn the details of any improper political activities in the permitting process. We first note in this regard that when a |7peremptory exception is sustained, it is within the discretion of the trial judge whether to permit amendment of the pleadings so as to cure the defect. Kent v. Epherson, 03-755 (La.App. 5 Cir. 12/9/03), 864 So.2d 708. However, where it appears that the defect in the petition cannot be cured, no leave to amend need be granted. Id.
Here plaintiffs did not seek leave to amend in the district court, and neither do they do so in this court. Instead, they seek leave to conduct discovery to ascertain whether there are any facts which might support an allegation of fraud. In so arguing, they have implicitly admitted that they have no additional facts as to possible fraud to allege in an amended petition. That being the case, there would be no point in granting them time to amend the original petition, and the trial judge did not abuse his discretion in not permitting further discovery on these issues.
Because of our disposition of the immunity question, the issue of whether the *904 exception of peremption was properly sustained is moot.
CONCLUSION
For the foregoing reasons, the judgment sustaining the exception of no cause of action and dismissing with prejudice plaintiffs’ suit against the Parish of Jefferson is hereby affirmed.

AFFIRMED

. The exceptions were urged by both the Parish of Jefferson and John Young, parish president, but the judgment is only in favor of the Parish of Jefferson.