FERDINAND MEGGS, JR.

VERSUS

DAVIS MORTUARY SERVICE, INC. AND
SECURITY PLAN LIFE INSURANCE
COMPANY

NO. 19-CA-432

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-275, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING

August 05, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**AFFIRMED**
  **SJW**
  **FHW**
  **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
FERDINAND MEGGS, JR.
    Pius A. Obioha
    Daniel C. Obioha

COUNSEL FOR DEFENDANT/APPELLEE,
SECURITY PLAN LIFE INSURANCE COMPANY
    Thomas H. Huval

**WINDHORST, J.**

Appellant/plaintiff, Ferdinand Meggs, Jr., seeks review of the trial court's judgment granting Security Plan Life Insurance Company's peremptory exception of prescription and dismissing his claims under two life insurance policies against Security Plan with prejudice. For the following reasons, we affirm the trial court's judgment sustaining Security Plan's peremptory exception of prescription and dismissing Mr. Meggs's claims.

**Facts and Procedural History**

This is a contract claim for benefits due under two life insurance policies. On May 1, 1992 and September 15, 1996, respectively, Security Plan issued two life insurance policies, Policy Nos. C-04836502 and C-05633622, to Marion Meggs Vincent. Policy No. C-04836502's named beneficiary was the Estate of Marion Meggs Vincent, with Ferdinand Meggs, Jr. (Ms. Vincent's son) identified as the "next of kin." Policy No. C-05633622's named beneficiary was Ferdinand Meggs, Jr.

On August 22, 2008, the insured, Ms. Vincent, died. After Ms. Vincent's death, Security Plan was presented with an Irrevocable Assignment of Benefits allegedly executed by Mr. Meggs, irrevocably assigning, transferring, and conveying to Davis Mortuary Service all benefits due under the two Security Plan policies. Security Plan also received an Irrevocable Assignment of Benefits to Davis Mortuary signed by Ms. Vincent's spouse, Eddie Vincent, relative to both policies. Pursuant to the Irrevocable Assignments, on November 6, 2008, Security Plan paid all benefits due under the policies to Davis Mortuary.

On October 4, 2018, over ten (10) years after Ms. Vincent's death, Mr. Meggs filed this lawsuit against Davis Mortuary and Security Plan, alleging that defendants fraudulently deprived him of the benefits to which he was entitled under the life insurance policies. Mr. Meggs alleges that he was unaware that he was the policies'

named beneficiary at the time of Ms. Vincent's death, but that he later learned a claim had been opened by an unknown person who fraudulently forged his signature. Mr. Meggs alleges he is entitled to the full value of the proceeds under the policies with interest and attorneys' fees and general and special damages based on Security Plan's failure to honor the contractual obligation created by the life insurance policies and Security Plan's bad faith conduct, fraudulent acts, and ill practices.

On January 10, 2019, Security Plan filed a peremptory exception of prescription asserting that Mr. Meggs's claim was prescribed because (1) the claim was not filed within the prescriptive period set forth in the policies; and (2) the claim was not filed within the ten year contractual prescriptive period under La. C.C. art. 3499. Both Security Plan policies contain a provision entitled "Legal Action and Prescription" that states "No action at law or in equity shall be brought to recover on this policy unless brought within one (1) year and sixty (60) days from the date of death." Security attached to its prescription exception the policies, an affidavit from the Director of Security Plan, Ms. Vincent's death certificate, and the irrevocable assignments. The affidavit submitted by the Director of Security Plan states, in pertinent part, that Security Plan received a copy of Ms. Vincent's death certificate on September 9, 2008 and irrevocable assignments of the policies to Davis Mortuary on September 26, 2008, and as a result, paid the policy proceeds due under the policies pursuant to the irrevocable assignments.

Mr. Meggs opposed the exception of prescription based on his lack of knowledge of his rights under the Security Plan policies. He attached to his opposition a March 26, 2019 letter he sent to Security Plan, with the certified receipt, asserting his rights under the policies and an affidavit in which he attested that he did not know of the policies or the irrevocable assignments until May of 2018.

On May 1, 2019, at the hearing on Security Plan's prescription exception, Security Plan argued that Mr. Meggs's claim was prescribed because he made a

claim outside the period of the policies' legal action and prescription provision. Specifically, Mr. Meggs made a claim under the policies more than one year and sixty days after Ms. Vincent's death. Security Plan also argued that Mr. Meggs's claim was prescribed under the ten year prescriptive period set forth in La. C.C. art. 3499 because he filed this action more than ten years after Ms. Vincent's death.

In opposition to the prescription exception, Mr. Meggs argued that he has the right to make a claim under the policies after the expiration of the policies' prescriptive period because the untimely discovery of his rights under the policies was due to no fault of his own. As to the contractual prescriptive period, Mr. Meggs argued that the doctrine of *contra non valentem* applied because he had no knowledge of his claim until May of 2018.

By judgment dated May 21, 2019, the trial court sustained Security Plan's peremptory exception of prescription and dismissed Mr. Meggs's claims against Security Plan. In granting the exception, the trial court stated that "I see where it was Rhett Osborne (*sic*), who was the notary in that, and I find it highly unlikely that Mr. Osborne would not take the proper precautions in notarizing somebody's signature." According to the hearing transcript, the exhibits attached to the parties' pleadings were not introduced into evidence.

**Law and Analysis**

In this appeal, Mr. Meggs challenges the trial court's judgment granting Security Plan's peremptory exception of prescription.

On a peremptory exception of prescription, the burden of proof is ordinarily on the party pleading prescription. Carter v. Haygood, 04-646 (La. 1/19/05), 892 So.2d 1261, 1267. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action is not prescribed. Id. At the hearing on an exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds

thereof do not appear from the petition." La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC, 15-180 (La. App. 5 Cir. 3/16/16), 188 So.3d 391, 393. Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Bailey v. Khoury, 04-0620 (La. 1/20/05), 891 So.2d 1268, 1275.

As noted above, Security Plan attached documentary evidence to its exception; however, these exhibits were not formally introduced into evidence at the hearing on the exception. The Louisiana Supreme Court has explained that, absent formal introduction of exhibits at a hearing on an exception of prescription, those exhibits merely contained in the record or attached to a memorandum in support of an exception of prescription are not to be considered. *See* Denoux v. Vessel Mgmt. Servs., Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88-89. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Meaux v. Miller, 08-712 (La. App. 3 Cir. 12/10/08), 999 So.2d 281, 284-85. As a result, the documents attached to Security Plan's exception cannot be considered.

In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. Id. Because Security Plan did not properly and officially offer and introduce the exhibits attached to its memorandum into evidence, the trial court was obligated to decide the exception of prescription on the facts alleged in the petition, which are accepted as true.

An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties. Sargent v. Louisiana Health Serv. & Indem. Co., 550 So.2d 843, 845 (La. Ct. App. 1989). La. C.C. art. 3499 states that

"Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." The general ten year prescription of Article 3499 applies only in the absence of any other statutory mandate. <u>Sargent</u>, 550 So.2d at 846. Louisiana jurisprudence provides that actions on life insurance policies prescribe in ten years. <u>Lord v. Metro. Life Ins. Co.</u>, 434 So.2d 1179, 1182 (La. Ct. App. 1983). Considering the foregoing, we find that the ten year prescriptive period set forth in La. C.C. art. 3499 applies here.

According to the petition, Ms. Vincent died on or about August 22, 2008. Mr. Meggs filed this action under the life insurance policies at issue against Security Plan on October 4, 2018, more than ten years after Ms. Vincent died. Because Mr. Meggs filed suit against Security Plan more than ten years after Ms. Vincent's death, his claims under the policies are prescribed on the face of the petition.

Mr. Meggs asserts that *contra non valentem* applies given that he did not discover his rights under the policies until May of 2018. Analyzing this petition on its face, this petition fails to set forth facts sufficient to succeed in that claim.

The doctrine of *contra non valentem* is available as an exception to prescription in four situations:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

<u>Marin v. Exxon Mobil Corp.</u>, 09-2368 (La. 10/19/10), 48 So.3d 234, 245.

Mr. Meggs argues that the third and fourth categories apply in this case. Specifically, he argues as to the fourth category that he was unaware either that the life insurance policies at issue existed or that he was a named beneficiary on those policies until May of 2018 and, further, that his ignorance of his claims against defendants is attributable to something other than his lack of diligence, namely defendants' fraudulent acts. Mr. Meggs argues that the third category applies because defendants engaged in or were complicit in the fraud against him. Specifically, Mr. Meggs alleged that an unknown third person forged his signature and social security number on the irrevocable assignment of benefits, and that defendants colluded with the fraudster to deprive him of the benefits to which he was entitled.

The fourth category of *contra non valentem* is known as the "discovery rule." See, e.g., <u>Wells v. Zadeck</u>, 11-1232 (La. 3/30/12), 89 So.3d 1145, 1150. The Louisiana Supreme Court has clarified that this category of *contra non valentem* applies only in "exceptional circumstances" and is not available when the plaintiff's ignorance of his cause of action is attributable to his own willfulness or neglect. See, *e.g.*, <u>Renfroe v. State ex rel. Dept. of Transp. and Development</u>, 01-1646 (La. 2/26/02), 809 So.2d 947, 953. If the plaintiff could have discovered the cause of action by exercising reasonable diligence, the doctrine will not prevent the running of prescription. <u>Id</u>.

The third category has been applied when the defendant has "concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other 'ill practices') which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff's delay in bringing suit is not willful or the result of his own negligence." <u>Id</u>. at 251–52.

When pleading fraud, "the circumstances constituting fraud shall be alleged with particularity." <u>Bottinelli Real Estate, L.L.C. v. Johns Manville, Inc.</u>, 19-0619

(La. App. 4 Cir. 12/27/19), 288 So.3d 179, 185; La. C.C.P. art. 856. Conclusory allegations that a defendant's actions were fraudulent are insufficient. Bottinelli, 288 So.3d at 185. This Court has previously found that plaintiffs failed to allege fraud with sufficient particularity when the petition named no specific people and identified no particular activities that could be said to constitute fraud. Hawkins v. Willow, Inc., 12-160 (La. App. 5 Cir. 10/16/12), 102 So.3d 900, 903.

Likewise, in this case, Mr. Meggs's petition merely contains conclusory allegations that "employees" of defendants, Davis Mortuary and Security Plan, "aided the fraudster who misrepresented the facts and falsifying information in committing the fraud." Mr. Meggs's petition contains bare allegations that defendants' "employees colluded with the fraudster in committing the fraudulent act." Mr. Meggs alleged no specific facts which tend to show an agreement between either the two defendants or one or both defendants and the unknown fraudster to intentionally deprive him of the insurance benefits.

Further, no facts are alleged in the petition which tend to show that the cause of action was not discoverable through the exercise of due diligence. Therefore, on the face of the petition, Mr. Meggs has failed to successfully allege sufficient facts for the doctrine of *contra non valentem* to apply in this case.

In addition, Mr. Meggs did not introduce into evidence any proof that he did not discover these claims until May of 2018 in support of his *contra non valentem* argument. Thus, there is nothing before this Court to support application of that doctrine. Accordingly, we find that Mr. Meggs's claims under the Security Plan policies are prescribed, and that the trial court properly granted Security Plan's exception of prescription. We therefore affirm the trial court's judgment sustaining Security Plan's peremptory exception of prescription and dismissing Mr. Meggs's claims.

**Decree**

For the reasons stated above, we affirm the trial court's judgment sustaining Security Plan's peremptory exception of prescription and dismissing Mr. Meggs's claims.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**19-CA-432**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
PIUS A. OBIOHA (APPELLANT)          R. A. OSBORN, JR. (APPELLEE)          THOMAS H. HUVAL (APPELLEE)

**MAILED**
DANIEL C. OBIOHA (APPELLANT)
ATTORNEY AT LAW
1550 NORTH BROAD STREET
NEW ORLEANS, LA 70119