HANNAH KEIGER

VERSUS

NGM INSURANCE COMPANY

NO. 24-CA-94

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 838-565, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

October 30, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED**
    **JJM**
    **JGG**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
HANNAH KEIGER
    Bradley Egenberg
    Benjamin Berman
    Emily Padgett

COUNSEL FOR DEFENDANT/APPELLEE,
NGM INSURANCE COMPANY
    H. Carter Marshall
    Kevin R. Tully

**MOLAISON, J.**

The appellant/plaintiff in this civil matter seeks review of the trial court's dismissal of a claim against her uninsured motorist carrier without prejudice. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 10, 2023, plaintiff/appellant Hannah Keiger filed a petition at the Twenty-Fourth Judicial District Court in Jefferson Parish alleging that her vehicle was struck in a hit-and-run accident within Jefferson Parish on December 24, 2020. Ms. Keiger named NGM Insurance Company ("NGM")[1] as the sole defendant in its capacity as the insurer who provided UM coverage for her vehicle.[2] The petition alleged that NGM failed to tender an amount for damages within 30 days after Ms. Keiger had presented it with proof of loss.

On May 16, 2023, NGM answered the petition before filing a peremptory exception of prescription on September 22, 2023. The trial court heard the exception on November 9, 2023, and dismissed Ms. Keiger's claims against NGM without prejudice in an order dated November 17, 2023. Ms. Keiger timely sought this devolutive appeal.

**LAW AND ANALYSIS**

Ms. Keiger alleges in her one assignment of error that the trial court erred in dismissing her claim without prejudice based upon applying Louisiana's two-year prescriptive period for filing an action against an uninsured motorist carrier instead of Massachusetts' six-year statute of limitations.

As a preliminary matter, we first address evidentiary issues related to the appeal, determining the scope of this Court's review. In a peremptory exception of

---

[1] The petition simply identifies NGM as a "foreign insurance company" with no additional details. In its exception, NGM does not provide information either on its corporate domicile or which state's law may govern the UM policy.

[2] It does not appear that the driver of the other vehicle was ever identified.

prescription, the burden of proof is ordinarily on the party pleading prescription. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261, 1267. However, when the prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action is not prescribed. *Id*. At the hearing on an exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *DeFelice v. Federated National Insurance Company*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription de novo, accepting the facts alleged in the petition as true. *Id*. We review the trial court's findings of fact under the manifest error standard when evidence is introduced at a hearing. *Meggs v. Davis Mortuary Serv., Inc.*, 19-432 (La. App. 5 Cir. 8/5/20), 301 So.3d 1208, 1212.

However, the Louisiana Supreme Court has explained that absent the formal introduction of exhibits at a hearing on an exception of prescription, those exhibits merely contained in the record or attached to a memorandum in support of an exception of prescription are not to be considered. See, *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88-89. Documents attached to memoranda are not evidence or considered as such on appeal. *Meaux v. Miller*, 08-712 (La. App. 3 Cir. 12/10/08), 999 So.2d 281, 284-85. We have reviewed the November 9, 2023 transcript of the hearing on NGM's exception of prescription that indicates Ms. Keiger did not formally offer evidence into the record. However, she had attached documents to her memorandum opposing the exception.[3] As a

_____

[3] The transcript of the hearing shows that the parties met with the trial judge in chambers, and off the record, before returning to the courtroom. At that time, the parties stipulated that the matter would be

result, the documents attached to Ms. Keiger's opposition are not considered on appeal. Similarly, the arguments of counsel in appellate briefs and references to facts and issues not currently before the court are not record evidence. *See, Thomas v. Connolly*, 31,447 (La. App. 2 Cir. 1/20/99), 726 So.2d 1052, 1054. This court has no authority to consider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. *Tranum v. Hebert*, 581 So.2d 1023, 1026 (La. App. 1 Cir.), *writ denied*, 584 So.2d 1169 (La. 1991).

In the absence of evidence, we decide the exception of prescription on the facts alleged in the petition, which are accepted as true. *Baker v. Louisiana Citizens Property Ins. Corp.*, 12-480 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 72. Here, Ms. Keiger's petition states that she is a resident of Massachusetts. She alleged that NGM was a foreign insurer that provided uninsured motorist coverage for her vehicle at the time of the December 24, 2020 accident. Ms. Keiger asserted her uninsured motorist claims under two Louisiana statutes, La. R.S. 22:1892 and R.S. 22:1973. Accepting the accident date as accurate, the petition is prescribed on its face when filed more than two years after the accident date.[4] Based solely on the petition, the trial court may have properly dismissed Ms. Keiger's petition *with* prejudice.

Is the trial court's dismissing Ms. Keiger's petition without prejudice correct? A trial judge is granted broad discretion as to dismissal without prejudice after the defendant has appeared, and his determination will be set aside for a clear abuse of that discretion. *Martinez v. Dow Chem. Co.*, 97-289 (La. App. 5 Cir. 9/30/97), 700 So.2d 1096, 1098. As discussed above, no evidence was introduced

_____

submitted on briefs. The trial court stated that it would dismiss the case without prejudice after he "read the briefs and …looked at the documents."

[4] La .R.S. 9:5629 states:

> Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.

into the record upon which *this* Court can reach the merits of Ms. Keiger's choice of law claim. However, the trial court's judgment indicates that the matter was dismissed without prejudice so that Ms. Keiger could bring her claim against NGM to another state's court. In these circumstances, present in the case before us, where we have neither a detailed transcript, properly introduced evidence, nor an agreed-upon narrative in the record, there is nothing for the appellate court to review, and the trial court's ruling is presumed correct. *Barrois v. Wal-Mart Stores, Inc.*, 97-636 (La. App. 5 Cir. 11/25/97), 703 So.2d 798, 800. Thus, we find no abuse of discretion in the trial court's dismissal of Ms. Keiger's petition without prejudice.

## CONCLUSION

We affirm the judgment of the trial court for the reasons stated.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-94

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
BENJAMIN BERMAN (APPELLANT)          H. CARTER MARSHALL (APPELLEE)

### MAILED
KEVIN R. TULLY (APPELLEE)
ATTORNEY AT LAW
601 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LA 70130

BRADLEY EGENBERG (APPELLANT)
ATTORNEYS AT LAW
650 POYDRAS STREET
SUITE 2000
NEW ORLEANS, LA 70130

EMILY PADGETT (APPELLANT)
ATTORNEYS AT LAW
650 POYDRAS STREET
SUITE 2000
NEW ORLEANS, LA 70130